UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM HECHT,

    Plaintiff,

vs.                          Case No.:  3:09-cv-11228-J-WGY-HTS

R.J. REYNOLDS TOBACCO COMPANY,
et al.,

    Defendants.
_____/

## ORDER

This cause is before the Court on a group of pending motions that require resolution. Plaintiff, a tobacco smoker who suffers from chronic obstructive pulmonary disorder (COPD), had alleged that Defendants were liable for his injuries under theories of (1) negligence, (2) strict liability, (3) fraudulent concealment, and (4) conspiracy to fraudulently conceal the harmful and addictive nature of cigarettes. The case went to trial against Defendant R.J. Reynolds Tobacco Company ("R.J. Reynolds"), which countered with a statute of limitations defense. R.J. Reynolds argued that Plaintiff's claims were barred because Plaintiff knew or should have known more than four years before the suit was filed that he suffered from COPD, and that cigarette smoking caused his COPD.[1] After a weeklong trial, the jury rendered a verdict for the defense, in which it found that Plaintiff indeed knew or should have known more than four years

---

[1] Florida law imposes a four-year statute of limitations on most personal injury actions, including the types of claims at issue here. See Fla. Stat. § 95.11(3). In product liability cases involving latent or "creeping" diseases such as COPD, the cause of action accrues "when the accumulated effects of the deleterious substance manifest themselves to the claimant in a way which supplies some evidence of a causal relationship to the manufactured product." *Carter v. Brown & Williamson Tobacco Corp.*, 778 So. 2d 932, 934 (Fla. 2000).

before suit was filed that he suffered from COPD, and that smoking cigarettes caused his COPD. (Doc. 109, Jury Verdict at 1). Accordingly, a jury determined that Plaintiff's claims were time-barred.

Before trial, Plaintiff and Defendant Philip Morris USA, Inc. ("Philip Morris") filed a Joint Motion to Dismiss with Prejudice the Plaintiff's claims against Philip Morris. (Doc. 80). This motion is due to be granted, and Plaintiff's claims against Philip Morris are due to be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

Defendant R.J. Reynolds filed a trio of motions for judgment as a matter of law. (*See* Docs. 98, 99, 101). In light of the verdict for the defense, these motions are due to be denied as moot.

Plaintiff also orally moved for a directed verdict with respect to R.J. Reynolds's statute-of-limitations defense, but only after the jury had retired to deliberate and the jury had announced it had reached a verdict. (Doc. 104; Doc. 118 at 61). However, a party may not move for judgment as a matter of law, for the first time, after the case has already been submitted to the jury. *See* Fed. R. Civ. P. 50(a)(2); *Crawford v. Andrew Systems, Inc.*, 39 F.3d 1151, 1153 (11th Cir. 1994) ("Rule 50 of the Federal Rules of Civil Procedure requires that a motion for judgment as a matter of law be made prior to the submission of the case to the jury."). "The purpose of this requirement is to assure the responding party an opportunity to cure any deficiency in that party's proof that may have been overlooked until called to the party's attention by a late motion for judgment." Fed. R. Civ. P. 50(a)(2) Advisory Committee's Notes (1991 amendment). As Plaintiff waited until after the close of evidence to move for a directed verdict on the statute-of-limitations defense, Plaintiff's oral motion is due to be denied.

Even if Plaintiff's motion for a directed verdict were considered on the merits, the motion would still be due for denial. Judgment as a matter of law is warranted only where "the facts and inferences point overwhelmingly in favor of one party, such that reasonable people could not arrive at a contrary verdict." *Carter v. City of Miami*, 870 F.2d 578, 581 (11th Cir. 1989). The court must "consider all evidence, and the inferences drawn therefrom, in the light most favorable to the nonmovant." *Bishop v. City of Birmingham Police Dep't*, 361 F.3d 607, 609 (11th Cir. 2004) (citing *Carter*, 870 F.2d at 581).

Here, there was ample evidence to permit a reasonable jury to conclude that Plaintiff knew or should have known he had COPD, and that tobacco use caused his illness, more than four years before the suit was filed on May 5, 1994.[2] On cross-examination of Plaintiff and his witnesses, R.J. Reynolds elicited testimony and evidence from which a reasonable jury could conclude that Plaintiff had known he suffered from a pulmonary disease since before May 5, 1990. In 1987 for example, Plaintiff applied for – and was later granted – disability payments due to breathing difficulties. (*See* Doc. 116 at 171-78). A June 1997 letter from Plaintiff's pulmonologist to another doctor stated that Plaintiff had suffered from breathing disorders "for the past ten years," or since 1987. (*See id.* at 178-79). By 1993, Plaintiff's medical records already indicated that he had a "history of COPD." (*See* Doc. 114 at 303-04). R.J. Reynolds further elicited testimony indicating that Plaintiff actually knew as early as the 1960's, 1970's, and 1980's that cigarettes caused health problems, and that lung disorders were among the health hazards. (*E.g.*, Doc. 116 at 94-103, 109-11, 117-19). R.J. Reynolds also referred to a 1964 report from the Surgeon General, which concluded that smoking causes COPD. (*See* Doc. 113 at 238-39). Additionally, Plaintiff's mother (who also smoked) was diagnosed with COPD before

---

[2]   Plaintiff's case is an "Engle-progeny" lawsuit. As such, the complaint was deemed filed when the original Engle class representatives filed suit in Dade County, Florida on May 5, 1994.

Plaintiff was, and upon her diagnosis informed Plaintiff that according to her doctors, smoking cigarettes caused her COPD (although Plaintiff could not recall when this conversation happened). (Doc. 116 at 126-29). Accordingly, "the facts and inferences [did not] point overwhelmingly in favor of [Plaintiff], such that reasonable people could not arrive at a contrary verdict" in favor of R.J. Reynolds. *Carter*, 870 F.2d at 581. Plaintiff's motion for a directed verdict on the statute-of-limitations defense would have been due to be denied even had Plaintiff made the motion in a timely manner.

Finally, R.J. Reynolds has moved for attorneys' fees and costs. (Doc. 122). The Court will take the motion under advisement either until the time for Plaintiff to appeal has expired or until any appeal has been resolved. The Court will enter judgment simultaneously with this Order.

Accordingly, it is hereby **ORDERED:**

1. Plaintiff's and Defendant Philip Morris's Joint Motion to Dismiss (Doc. 80) is **GRANTED**. Plaintiff's claims against Defendant Philip Morris USA, Inc. are **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 41(a)(2).

2. Defendant R.J. Reynolds's motions for judgment as a matter of law (Docs. 98, 99, 101) are **DENIED AS MOOT.**

3. Plaintiff's motion for judgment as a matter of law on R.J. Reynolds's statute-of-limitations defense (Doc. 104) is **DENIED.**

4. R.J. Reynolds's motion for attorneys' fees and costs (Doc. 122) is **TAKEN UNDER ADVISEMENT.**

**DONE AND ORDERED** this 6 day of January, 2016.

*Eugene E. Siler, Jr.*

4

                                        EUGENE E. SILER, Jr.
                                        United States Circuit Judge[3]

Copies:

Counsel of record

---

[3]     Of the United States Court of Appeals for the Sixth Circuit, sitting by designation.